IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTIAN JACKSON**                                                                                       **PLAINTIFF**
**ADC #161090**

V.                          NO. 4:25-cv-01045-LPR-ERE

**DEXTER PAYNE**, *et al.*                                                                              **DEFENDANTS**

## ORDER

*Pro se* plaintiff Christian Jackson, an Arkansas Division of Correction ("ADC') inmate, filed this lawsuit on behalf of himself and inmate Demarius Manning under 42 U.S.C. § 1983.[1] *Doc. 2*. This Order identifies deficiencies (or problems) in his original complaint and gives him the opportunity to file an amended complaint.[2]

Mr. Jackson's complaint alleges that: (1) in March 2025, Kitchen Captain/Supervisor LeKenya Jackson cursed at him and threatened him (*Id. at 6, 8*);

---

[1] Pursuant to Court policy, the case was separated into two separate lawsuits to allow each plaintiff to pursue his own claims in his own lawsuit.

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

(2) when Mr. Jackson complained about Defendant Jackson's conduct, former Deputy Warden Maurice Culclager and Major/Chief of Security Eboni Joi Harris "neglected" his complaint in violation of his Fourteenth Amendment rights (*Id. at 7*); (3) unidentified ADC officers have retaliated against him by housing him in administrative segregation for over seven months; (4) unidentified ADC officers have violated ADC policy by holding him in administrative segregation for over seven months for a non-violent disciplinary offense; (5) he engaged in protected First Amendment activity by verbally responding to Defendant Jackson's threats (*Id. at 8*); (6) Defendants have been deliberately indifferent to his health and safety by allowing him to remain housed in administrative segregation; (7) Defendant Jackson has violated his equal protection rights because she has treated other inmates less harshly than him for similar conduct; (8) all Defendants have falsely imprisoned him; and (9) he has suffered physical injuries and defamation as a result of Defendants' conduct. He sues Defendants Director Dexter Payne, former Warden James Shipman, former Deputy Warden Maurice Culclager, Major/Chief of Security Eboni Joi Harris, and Kitchen Captain/Supervisor Lekenya Jackson in both their individual and official capacities seeking monetary and injunctive relief.[3]

---

[3] Mr. Jackson's complaint also alleges that Lieutenants Slayden and Elias "aggressively" stripped him and forced him to walk in his boxers. However, Mr. Jackson does not name these individuals as Defendants, nor are these claims related to the other claims raised in his complaint. Mr. Jackson may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple

2

I.      **Problems with Complaint**

   A.      **Verbal Threats**

Mr. Jackson claims that Defendant Jackson verbally threatened him and cursed at him. However, such conduct does not rise to a constitutional level. See *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ("Verbal threats do not constitute a constitutional violation"). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

   B.      **Fourteenth Amendment Claim**

Mr. Jackson claims that Defendants Culclager and Harris "neglected" his complaint about Defendant Jackson's conduct in violation of his Fourteenth Amendment rights.[4] To state a Fourteenth Amendment due process claim, a prisoner

---

defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants").

   [4] To the extent that Mr. Jackson seeks to pursue a negligence claim, this claim also fails. Allegations of negligent conduct will not support a claim for relief under § 1983. A § 1983 action must be based upon an alleged violation of the United States Constitution or a federal statute. See *Crow v. Jackson*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim).

"must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Here, Mr. Jackson fails to provide any facts to support his vague conclusory allegation that Defendants Culclager and Harris violated his due process rights. As a result, the facts alleged in the complaint fail to state a plausible due process claim. See *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (legal conclusions couched as factual allegations may be disregarded in determining whether a plaintiff has stated a plausible constitutional claim).

### C. Retaliation Claim

To state a retaliation claim, Mr. Jackson must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).[5]

As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [grievances] and then claiming that everything that happens to

---

[5] See *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances.").

him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Mr. Jackson's complaint generally alleges that unidentified ADC staff members have retaliated against him. However, Mr. Jackson does not allege any facts to support his conclusory assertion that any ADC employee was motivated by unlawful retaliation. As a result, the facts alleged in the complaint fail to state a plausible retaliation claim.

### D. Violation of ADC Policy

Mr. Jackson's complaint alleges that unidentified ADC staff members have violated ADC policy by holding him in administrative segregation for over seven months for a non-violent disciplinary offense. However, the law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### E. First Amendment Claim

Mr. Jackson also alleges that he engaged in protected First Amendment activity by verbally responding to Defendant Jackson's threats. However, Mr. Jackson's use of profanity is not a form of speech that enjoys protection under the

First Amendment. See *Thaddeus–X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). Without further factual support, Mr. Jackson's conclusory allegations fail to state a plausible First Amendment claim.

### F.   Eighth Amendment Deliberate Indifference Claim

Mr. Jackson's complaint also alleges that all Defendants have violated his Eighth Amendment rights because he remains housed in isolation. To state an Eighth Amendment unconstitutional conditions of confinement claim, Mr. Jackson must allege facts suggesting that Defendants were deliberately indifferent to a serious health and safety need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).[6] Here, again, Mr. Jackson fails to allege any facts to support his conclusory allegation. As a result, the facts alleged in the current complaint will not support a plausible Eighth Amendment claim.

### G.   Equal Protection Claim

Mr. Jackson alleges that Defendant Jackson has treated other inmates less harshly than she treated him in violation of the Fourteenth Amendment's Equal Protection clause. Mr. Jackson's allegations do not involve the violation of a

---

[6] For a plaintiff to prevail on a deliberate indifference claim at trial, he must show that Defendants: (1) engaged in conduct must objectively rise to the level of a constitutional violation . . . by depriving him of the 'minimal civilized measure of life's necessities," *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981)); and (2) Defendants must have been deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834.

fundamental right or membership in a protected class. As a result, to state a plausible equal protection claim, he must allege facts which, accepted as true, support a reasonable inference that "similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)); see also *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (stating that absent assertion of membership in a protected class or violation of a fundamental right, an inmate must show that similarly situated inmates received different treatment and that the difference in treatment had no rational relation to any legitimate penal interest).

Here, Mr. Jackson's speculative, conclusory, and unsubstantiated allegations against Defendant Jackson are insufficient to state a plausible equal protection claim. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

## H. False Imprisonment

Under Arkansas law, false imprisonment is "the unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority."

*Headrick v. Wal-Mart Stores, Inc.*, 293 Ark. 433, 435 (1987). Other than Mr. Jackson's conclusory allegation that he has been falsely incarcerated, his complaint fails to allege any facts to support a plausible false imprisonment claim.

## I. Defamation

Mr. Jackson's complaint generally alleges that he has suffered defamation as a result of Defendants' conduct. However, claims of defamation are not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 701 02 (1976) (holding defamation, per se, is not actionable under § 1983); see also *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir.1981). Damages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States. *Morey v. Independent School Dist.*, 429 F.2d 428 (8th Cir. 1970).

Mr. Jackson may not pursue a federal constitutional claim based on alleged defamation.

## II. Guidelines for Filing Amended Complaint

Mr. Jackson has thirty days to file an amended complaint. If filed, the amended complaint should: (1) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (2) explain how each Defendant personally violated his constitutional rights; and (3) explain how each Defendant's unconstitutional conduct caused him injury or harm.

Mr. Jackson's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Jackson should make sure that his amended complaint includes all allegations relevant to any claim he wants to pursue in this lawsuit. Also, Mr. Jackson should not rely upon, or incorporate by reference, any allegations made in the current complaint. In other words, Mr. Jackson's amended complaint, if filed, will stand alone.

Finally, in the amended complaint, Mr. Jackson need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that Mr. Jackson may rely on later to prove a claim.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.    Mr. Jackson may file an amended complaint within thirty (30) days of the entry of this Order.

2.    If Mr. Jackson fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of his claims.

3. The Clerk is instructed to provide Mr. Jackson a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 9 October 2025.

_____
UNITED STATES MAGISTRATE JUDGE