IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTIAN JACKSON**                                                                                           **PLAINTIFF**
**ADC #161090**

V.                              NO. 4:25-cv-01045-LPR-ERE

**DEXTER PAYNE,** *et al.*                                                                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact.

### II.   Background

*Pro se* plaintiff Christian Jackson, an Arkansas Division of Correction ("ADC") inmate, originally filed this lawsuit on behalf of himself and inmate Demarius Manning under 42 U.S.C. § 1983.[1] *Doc. 2*. Because Mr. Jackson's original

---

[1] Pursuant to Court policy governing multi-plaintiff prisoner cases, the Court directed the Clerk's office to open two separate cases. See *Manning v. Payne*, No. 4:25-cv-01046-LPR-ERE (Mr. Manning's case).

complaint was deficient, I provided him an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 5*. Mr. Jackson has now filed an amended complaint containing some of the same claims raised in his original complaint and additional claims against new Defendants. *Doc. 6*. For the following reasons, I now recommend that Mr. Jackson's amended complaint be dismissed, without prejudice, for failure to state a plausible constitutional claim for relief.

## III.  Screening

### A.  Mr. Jackson's Amended Complaint Allegations[2]

In his amended complaint, Mr. Jackson names the following Defendants: Warden James Gibson, Director Dexter Payne, Major Joi Eboni Harris, Deputy Warden Maurice Culclager, Lieutenant Jordan Slayden, and Captain/Kitchen

---

[2] Mr. Jackson's original complaint alleged: (1) in March 2025, Kitchen Captain/Supervisor LeKenya Jackson cursed at him and threatened him (*Id.* at 6, 8); (2) when Mr. Jackson complained about Defendant Jackson's conduct, former Deputy Warden Maurice Culclager and Major/Chief of Security Eboni Joi Harris "neglected" his complaint in violation of his Fourteenth Amendment rights (*Id.* at 7); (3) unidentified ADC officers retaliated against him by housing him in administrative segregation for over seven months; (4) unidentified ADC officers violated ADC policy by holding him in administrative segregation for over seven months for a non-violent disciplinary offense; (5) he engaged in protected First Amendment activity by verbally responding to Defendant Jackson's threats (*Id.* at 8); (6) Defendants have been deliberately indifferent to his health and safety by allowing him to remain housed in administrative segregation; (7) Defendant Jackson has violated his equal protection rights because she has treated other inmates less harshly than him for similar conduct; (8) all Defendants have falsely imprisoned him; and (9) he has suffered physical injuries and defamation as a result of Defendants' conduct.

Supervisor Lekenya Jackson.[3] He alleges that: (1) in February 2025, Defendants Culclager and Harris violated his due process rights by assigning him to a kitchen duty even though they knew he had a difficult relationship with Defendant Jackson, the kitchen supervisor; (2) Defendants Culclager and Harris violated his due process rights by denying or ignoring his request for a job reassignment; (3) Defendant Harris violated his equal protection rights by denying his request for a new job assignment, but providing another inmate a new job assignment; (4) Defendants Culclager, Gibson,[4] Harris, Jordan Slayden, and Jackson were deliberately indifferent to his health and safety in violation of the Eighth Amendment by housing him in isolation for seven months, initially housing him in a contaminated cell, and denying him yard call; (5) Defendant Jackson verbally threatened him; (6) Defendant Slayden "aggressively" escorted him to isolation in retaliation for his previous lawsuit against Defendant Slayden (*Doc. 6 at 6*); (7) all Defendants defamed him; (8) Defendants Culclager and Harris violated his due process rights

---

[3] In his amended complaint, Mr. Jackson does not name Defendant James Shipman as a party Defendant. As a result, he has abandoned his claims against Defendant Shipman. *Doc. 5 at 9*. See also *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect).

[4] In his amended complaint, Mr. Jackson initially spells this name "Gipson." *Doc. 6 at 2*. However, he later refers to Defendant "Gibson." *Doc. 6 at 7-8*. I will refer to this Defendant as Defendant Gibson. **The Clerk is also instructed to update the docket sheet to reflect the correct spelling of Defendant Gibson's name.**

by sentencing him to an additional six months in isolation; (9) Defendants Culclager and Harris falsely imprisoned him; (10) Defendants Gibson and Harris violated the Fifth Amendment's Double Jeopardy Clause by holding him in isolation; and (11) Defendants Gibson, Harris, Jackson, and Culclager violated his equal protection rights by treating other inmates more favorably than him. Each Defendant is sued in his or her individual and official capacities for declaratory, injunctive, and monetary relief.

### B.   Standard

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To state a claim that can survive screening, Mr. Jackson must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the reasons explained below, Mr. Jackson's amended complaint fails to assert a plausible constitutional or federal claim against any Defendant. And the Court should decline to exercise jurisdiction over any proposed state law claims. See *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

### 1. Fourteenth Amendment Due Process Claims

To state a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). In support of his due process claims, Mr. Jackson alleges that: (1) Defendants Culclager and Harris assigned him to kitchen duty, knowing he had a difficult relationship with Defendant Jackson; (2) Defendants Culclager and Harris denied or ignored his request for a different job; and (3) Defendant Culclager and Harris sentenced him to an additional six months in isolation.

The facts alleged fail to support a plausible due process claim. First, Mr. Jackson does not have a protected property or liberty interest in any particular job assignment. *Battle v. Minnesota Dep't of Corr.*, 40 F. App'x 308, 310 (8th Cir. 2002) (no protected liberty interest in job assignment). Second, his assignment to isolation for an additional six months is not sufficient punishment to trigger due process protections. See *Rhaman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for 26 months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Scott v. Coleman*, 439 Fed. Appx. 810 (8th Cir. 2012) (unpublished decision) (upholding district court's finding that plaintiff inmate failed to state a due process claim after assigned to punitive isolation for 158 days without a hearing); *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. 2009) (inmate failed to state a due process claim after being assigned to administrative segregation for nearly nine months).

### 2. Equal Protection Claims

Mr. Jackson claims that his equal protection rights were violated when: (1) Defendant Harris refused to provide him a new job assignment but granted another inmate's request to be reassigned; and (2) Defendants Gibson, Harris, Jackson, and Culclager treated other inmates more favorably than him. Mr. Jackson's allegations

6

do not involve the violation of a fundamental right or membership in a protected class. As a result, to state a plausible equal protection claim, he must allege facts which, accepted as true, support a reasonable inference that "similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)); see also *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (stating that absent assertion of membership in a protected class or violation of a fundamental right, an inmate must show that similarly situated inmates received different treatment and that the difference in treatment had no rational relation to any legitimate penal interest).

Mr. Jackson's speculative, conclusory, and unsubstantiated allegations are insufficient to state a plausible equal protection claim. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

### 3. Eighth Amendment Claims

Mr. Jackson alleges that all Defendants violated his Eighth Amendment rights by: (1) housing him in isolation for seven months; (2) initially housing him in a cell that had not yet been cleaned and was contaminated with pepper spray; and (3) denying him yard call for an unspecified amount of time while he was housed in isolation.

To state an Eighth Amendment unconstitutional conditions of confinement claim, Mr. Jackson must allege facts suggesting that: (1) objectively, the conditions endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the risk of harm posed by those conditions. *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Mr. Jackson's Eighth Amendment claims fail for the following reasons.

First, Mr. Jackson fails to allege that he was denied any of life's necessities while housed in isolation. Although Mr. Jackson's housing conditions may not have been ideal, the Constitution does not mandate "comfortable" prisons. See *Hudson*, 503 U.S. at 9.

8

Second, although Mr. Jackson's amended complaint alleges that he was initially housed in a cell that had not been decontaminated, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)). Notably, Mr. Jackson does not allege that he was exposed to any unconstitutional condition for a prolonged period. *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (stating that "[c]onditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months").

Third, although Mr. Jackson alleges that he was denied yard call for seven months while housed in isolation, he fails to explain: (1) how often he was denied the opportunity to participate in yard call; (2) who was responsible for providing him yard call; and (3) what injuries he suffered as a result of being denied the opportunity to participate in yard call. Neither the United States Supreme Court nor the Eighth Circuit has recognized a per se constitutional right to yard call. See *Roos v. Clark*, 2022 WL 4229981, at *10 (E.D. Ark. Aug. 26, 2022), *rec. adopted*, 2022 WL 4225965 (E.D. Ark. Sept. 13, 2022); *Morris v. King*, 2022 WL 9833541, at *14 (W.D. Ark. July 29, 2022), *rec. adopted* 2022 WL 4594995 (W.D. Ark. Sept. 30, 2022).

Mr. Jackson's vague allegations about the denial of yard call during a seven-month period does not rise to the level of an Eighth Amendment violation. See

*Rahman X. v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (lack of yard call for three months was not a constitutional violation when prisoner was allowed out of his individual punitive cell for three hours each week); *Morris*, 2002 WL 98333541 (lack of yard call for eleven months was not a constitutional violation when prisoner was allowed out of his cell an hour each day); *Raper v. Minors*, 2022 WL 17352569 (W.D. Ark. Dec. 1, 2022) (yard call three times in "over 6 months" was not a constitutional violation), *aff'd*, 2023 WL 2857253 (8th Cir. Apr. 10, 2023).

### 4.    First Amendment Retaliation Claim

Mr. Jackson alleges that Defendant Slayden "aggressively" escorted him to isolation in retaliation because Mr. Jackson filed a lawsuit against him.

To state a retaliation claim, Mr. Jackson must allege that: (1) he engaged in constitutionally protected activity; (2) Defendant Slayden took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). In addition, to survive screening, a retaliation claim must be supported by more than speculative and conclusory allegations. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim

10

because he . . . failed to allege which defendants were involved in or affected by his grievances.").

Assuming that Mr. Jackson engaged in constitutionally protected activity by filing a lawsuit, the amended complaint contains no factual allegations to support his conclusory and speculative assertion that Defendant Slayden was motivated by unlawful retaliation. As a result, Mr. Jackson's proposed retaliation claim is not plausible.

### 5. Verbal Threats

Mr. Jackson alleges that Defendant Jackson verbally threatened and cursed at him. However offensive, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

### 6. Fifth Amendment Double Jeopardy

Mr. Jackson alleges that Defendants Gibson and Harris violated the Fifth Amendment's Double Jeopardy Clause by holding him in isolation following his

disciplinary conviction. However, the Double Jeopardy Clause is applicable to proceedings that are "essentially criminal" in nature, *Breed v. Jones*, 421 U.S. 519, 528 (1975), and prison disciplinary proceedings, which are not part of a criminal prosecution, do not trigger double jeopardy protections. *Kerns v. Parratt*, 672 F.2d 690, 691–92 (8th Cir. 1982) (holding prison disciplinary proceedings implicate due process protections but "do not place an offender in jeopardy for purposes of the double jeopardy clause"); *Matter of Caranchini*, 160 F.3d 420, 423 (8th Cir. 1998) (citing *Mississippi State Bar v. Young*, 509 So. 2d 210, 214 n.1 (Miss. 1987)) ("Most states which have addressed the matter have held that disciplinary proceedings are not so criminal in nature as to evoke double jeopardy protections"). The Double Jeopardy Clause has no application to any harm Mr. Jackson suffered as a result of his disciplinary conviction.

### 7. Defendant Payne

Mr. Jackson's complaint fails to allege facts to show how Defendant Payne personally participated in any unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

The law is well-settled that an official's supervisory role alone is not enough to not make him legally responsible for the unconstitutional conduct of the

employees he supervises. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

### 8. State Law Claims

Mr. Jackson alleges that he was charged and convicted with a disciplinary violation and received punishment including thirty days in punitive isolation for "banding together." *Doc. 6 at 7*. He asserts: "This is a defamation violation against all Defendants listed because [I] never banded together." *Doc. 6 at 7*. These vague allegations (which seem to imply that Mr. Jackson's disciplinary conviction was based on false information provided by Defendants) may give rise to a state law claim for defamation, but they do not involve a violation of due process or other

federal rights actionable under § 1983. *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981) (citing *Paul v. Davis*, 424 U.S. 693, 701-02 (1976) (noting allegation that prisoner's parole was revoked based on false information provided by defendants failed to "could give rise to a cause of action for defamation however, defamation, per se, is not actionable under section 1983.")

Mr. Jackson also alleges that following his disciplinary conviction, Defendants Culclager and Harris imposed an additional six months in isolation, which he states amounted to "false imprisonment." *Doc. 6 at 7*. As previously explained, Mr. Jackson's additional six months in isolation confinement did not amount to a violation of due process cognizable under § 1983, nor did it implicate any other federal right.

Because I recommend that each claim over which the Court has original jurisdiction be dismissed, to the extent Mr. Jackson brings state law claims for defamation and false imprisonment, the Court should decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice. See 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

Mr. Jackson's amended complaint fails to state a plausible constitutional or federal claim, and the Court should exercise its discretion under 28 U.S.C. § 1367(a) to decline to exercise jurisdiction over any proposed state law claims.

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Jackson's amended complaint be DISMISSED, without prejudice.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 27 October 2025.

_____
UNITED STATES MAGISTRATE JUDGE